CHICAGO—FIRST DISTRICT—FEBRUARY, 1925.   275

Burke v. The Instant Heat Co. of America, 236 Ill. App. 275.

## John H. Burke, Defendant in Error, v. The Instant Heat Company of America, Inc., Plaintiff in Error.

### Gen. No. 29,138.

1. SALES—*breach of guarantee of manufactured articles.* A guarantee given with heat bags and heat bottles containing a chemical preparation and designed to replace hot-water bottles or heat pads, that if the bags and bottles were used according to directions and failed to produce heat as represented for periods of three and five years respectively they would be refilled free of charge, was sufficient to be considered expressly to the effect that they would produce heat for three and five years and that they were reasonably fit for warming purposes, and a showing that they failed to produce heat after being used three times was a sufficient showing of a breach of the warranty to entitle a purchaser to rescind the contract, return the bags and bottles and demand a return of the purchase price.

2. SALES—*sufficiency of evidence of offer of purchaser to return defective articles before suit.* In an action to recover the price paid for heat bottles and bags on the ground that they failed to produce heat as guaranteed, an admission in defendant's brief that there is some evidence in the record by plaintiff that he offered by letter prior to institution of the suit to return the goods was, together with evidence that the articles were worthless as heat producers, sufficient under section 69 of the Uniform Sales Act, Cahill's Ill. St. ch. 121a, ¶ 72, to entitle plaintiff to sue for the return of his money.

3. APPEAL AND ERROR—*worthlessness of incomplete abstract.* Where an abstract of record merely refers to certain letters introduced in evidence as plaintiff's exhibits 13 and 14 without disclosing what they contained, it is of no use in passing upon the questions presented by them.

Error by defendant to the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Affirmed. Opinion filed February 11, 1925. Rehearing denied February 24, 1925. *Certiorari* denied by Supreme Court (making opinion final).

JOSEPH H. LAWLER and JOSEPH B. LAWLER, for plaintiff in error.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this writ of error the defendant corporation seeks to reverse a judgment for $1,100 recovered against it by the plaintiff Burke in the superior court of Cook county. The plaintiff instituted an attachment proceeding, the defendant being a Delaware corporation and not licensed to do business in this State, and in connection with that proceeding garnisheed a bank account in a local bank. The defendant thereupon appeared and gave bond and the attachment was withdrawn and the matter proceeded as an ordinary action at law. The plaintiff filed a declaration consisting of a count for money had and received, and two counts based on the defendant's alleged fraud and deceit. The defendant filed a plea of the general issue and the issues thus formed were presented to a jury. At the close of the plaintiff's case the court instructed the jury to find the defendant not guilty on the two counts based on fraud and deceit, and denied the defendant's motion for a peremptory instruction on the first count, being the count for money had and received. A similar motion was again denied at the close of all the evidence, and the issues were passed upon by the jury on the single count referred to. The jury found the issues for the plaintiff, assessed his damages at the sum of $1,100, and judgment followed accordingly.

It appears from the record that the defendant company manufactured what were known as heat bags and heat bottles, which contained a chemical preparation, and they represented that these articles were useful in lieu of hot-water bottles or heat pads and that if certain directions were followed they would

generate heat and retain it for a given length of time, and that they could be used in this way over and over again. The plaintiff, who lived in Boston, saw the defendant's advertisements and became interested. He communicated with the defendant and was visited by one of the defendant's representatives, and ultimately the parties entered into a contract, whereby the defendant agreed to sell the plaintiff these bags and bottles at specified figures, it being contemplated that the plaintiff was to resell them to the public, and in this connection the contract provided that the plaintiff was to confine his resales to the State of Massachusetts, and the defendant agreed that he was to have the exclusive right of sale of these articles in that State. The contract provided further the quantities which the plaintiff agreed to take, from month to month, and dispose of. With each of the bags and bottles furnished by the defendant, it gave a guarantee. In the case of the bag, the guarantee was to the effect that if it failed to produce heat according to directions, for a period of three years, the bag would be refilled free of charge, by the defendant, provided the contents had not been removed. The guarantee covering the bottle was similar, except that it covered a period of five years. The contract covered a purchase of an aggregate of 6,000 of these articles, and when the contract was entered into the plaintiff paid the defendant $500 in cash. Apparently the initial shipment was to consist of 300 bottles and bags. This shipment was made and in connection with it the defendant drew a draft on the plaintiff, with the bill of lading attached, the amount of the draft being $600. The plaintiff paid the draft and took up the bill of lading and procured the bags and bottles.

The evidence shows that the plaintiff then procured a number of agents and put them into the field in Massachusetts, and they immediately began to

make sales of both the bags and the bottles. The evidence further shows that the plaintiff tried out a certain number of the bags, and he testified that in each instance the first use of the bag was satisfactory; that when it was used a second time, it would take longer to produce heat in the bag and the bag would retain the heat a shorter length of time; that the same thing was true to a greater extent on the third use, and after the fourth operation the bag would produce no heat at all. He testified that he personally made no tests of the bottles. One Phelan, who was associated with the plaintiff, testified that he also tested out the bags, with the same result described by the plaintiff; that the bag got weaker as a heat producer with each day's use, and after the third day it refused to work at all. This witness testified that he tried out 24 of the bags, and further, that he tried out 18 or 20 bottles; that as to the latter, some of them would not work at all and the others "worked about three or four times and then went dead." When the testing of these articles by the plaintiff and his associate turned out in the manner described, the plaintiff called in his agents and directed them to visit each of the individuals to whom they had made sales, requesting them to return the bottles and bags they had purchased, and he directed his agents to refund the money these people had paid. Apparently, the plaintiff in this manner regained possession of all the bags and bottles he had sold. The defendant was then notified that the bags and bottles would not work as represented and that the plaintiff would return them and wanted his money back. No reply to the communication to that effect was forthcoming from the defendant, whereupon, this suit was instituted. He returned the 300 bags and bottles to the defendant, who refused to accept delivery of them from the express company.

The defendant contends, in support of this writ of error, that there was no fraud or misrepresenta-

tion practiced on the plaintiff. Presumably, that was the position taken by the trial court when the jury were instructed to find the issues for the defendant on the counts alleging fraud and deceit. If, by this argument, the defendant means to be understood as contending that the evidence does now show that the articles sold failed to comply with the guarantee given or were not suitable for the purpose for which they were sold, so as to entitle the plaintiff to rescind the contract, we are of the opinion that the evidence in the record demonstrates the contrary. The defendant seems to make the point that the guarantee was to the effect that if the articles failed to produce heat, within three years in the case of the bag and five years in the case of the bottle, they would be refilled without charge, and that the plaintiff never requested the defendant to refill them. In our opinion the point is not well taken. If the bags and bottles furnished in this initial shipment failed to function in the manner testified to by the plaintiff and his witnesses, there would, of course, be no object in asking that they be refilled. In our opinion the guarantee given on these bags and bottles was sufficient to be considered expressly to the effect that they would produce heat for three years in case of the bags and five years in case of the bottles. Moreover, in view of the facts shown by this record and under the provisions of section 15 of the Uniform Sales Act (Cahill's St. ch. 121a, ¶ 18), there was an implied guaranty that these articles would be reasonably fit for use for warming purposes. Under the evidence in the record they were not, and the plaintiff was entitled to rescind the contract, return the bags and bottles and demand the return of his money.

The defendant makes the further contention that the plaintiff did not return the bags and bottles before instituting this suit, and therefore such return came too late, and may not be availed of by the plain-

tiff.   Section 69 of the Uniform Sales Act (Cahill's St. ch. 121a, ¶ 72) provides that where there is a breach of warranty by the seller, the buyer may rescind the contract and that, in such case, if the price of any part thereof has been paid for the article sold "the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods, or immediately after the offer to return the goods in exchange for repayment of the price." This suit was begun on May 25, 1921. The plaintiff shipped the 300 bags and bottles in question from Boston on June 28, 1921, directed to the defendant at Chicago. A representative of the express company testified that they were turned in to the "on hand department" of the express company because of refusal of delivery, on July 1, 1921. The president of the defendant company testified that on July 1, 1921, "a shipment of 300 bags and bottles were delivered to our Chicago Branch * * *. I rejected them."

The defendant states in his brief that "there is some evidence in the record by the plaintiff that he offered to return these goods to the defendant by letter prior to the institution of the suit." Under the provisions of the Uniform Sales Act referred to that was sufficient, and the evidence being to the effect that the bags and bottles were worthless as heat producers, the plaintiff was entitled to sue for the return of his money.

The president of the defendant company testified that he received no letters from the plaintiff "except plaintiff's Exhibits 13 and 14." These exhibits were offered and received in evidence in connection with the testimony of the plaintiff. What these exhibits consisted of the abstract fails to disclose. At the point in the record where they were received in evidence, the abstract of the record merely refers to them as "plaintiff's Exhibit 13" and "plaintiff's Exhibit

14.'' Such an abstract of record is of no use to this court in passing on the questions presented.

In view of the provisions of the Uniform Sales Act quoted and the admission in defendant's brief to which reference has been made, we are of the opinion that the judgment appealed from was proper and it will, therefore, be affirmed.

O'CONNOR, P. J., and TAYLOR, J., concur.

*Judgment affirmed.*